**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————

|  |  |  |
|---|---|---|
| GINA WARD AND CHRIS WARD, | : | CIVIL ACTION |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : | No. 07-4249 |
|  | : |  |
|  | : |  |
| AT SYSTEMS, INC.; AT SYSTEMS | : |  |
| ATLANTIC, INC.; AND KEITH SNIPES, | : |  |
|  | : |  |
| Defendants. | : |  |

———————————————————

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                         **SEPTEMBER 8, 2008**

This is an action for negligence and related claims involving the injuries of the Plaintiffs,

Chris and Gina Ward ("the Wards"), against Defendants AT Systems, Inc., AT Systems Atlantic,

Inc., and Keith Snipes (collectively "Defendants").  Presently before this Court is Plaintiffs'

Motion to Compel Discovery of Defendants' surveillance tapes.  For the reasons stated below,

this Motion is denied.

**I.      BACKGROUND**

The Wards initiated this action by filing a Complaint on September 14, 2007, in the Court

of Common Pleas of Philadelphia County (September Term 2007, No. 070901435), and

Defendants removed the action to this Court on diversity grounds on October 11, 2007.  This

lawsuit arises from an accident that occurred on November 15, 2005, at a Citizens Bank at

Penrose Plaza, 2900 Island Avenue, Philadelphia, Pennsylvania.  (Joint Pretrial

Statement/Stipulations ("J.P.S.") at 1.)  On this date, Defendant Keith Snipes, while making a

delivery of coins and cash to the Citizens Bank in issue, in the course and scope of his

employment for Defendants AT Systems, Atlantic, Inc. and AT Systems, Inc., tilted his hand-

truck forward and caused a box of dimes to fall onto Mrs. Ward's foot and leg.  (J.P.S. at 1.)  As

a result of the accident, the Wards allege that Mrs. Ward suffered severe injuries, including

Reflex Sympathetic Dystrophy ("RSD"), leaving her permanently disabled.  (Compl. ¶ 13.)

Pursuant to the scope of discovery permitted by Fed. R. Civ. P. 26, Defendants conducted

investigative surveillance of Mrs. Ward.  (Defs.' Mem. in Resp. to Pls.' Mot. to Compel Disc. #4

at 2.)  On June 4, 2008, Defendants' expert, Dr. Robert Toborowski ("Dr. Toborowski"),

conducted a psychiatric examination of Mrs. Ward.  In his report, Dr. Toborowski stated: "I

could discern no evidence of delusional thinking, paranoia or other psychotic signs, although she

did say that she believes that her phone is 'bugged' by the defense and she often has the feeling

she is being followed."  (Doc. No. 22-8 at 9.)

On February 14, 2008, Plaintiffs served upon Defendants Plaintiffs' Request for

Production of Documents, Set II.  In that document, Plaintiffs specifically requested all

surveillance tapes and reports of Mrs. Ward.  (Pls.' Mot. to Compel Disc. #4 ¶¶ 2-3.)  On April 8,

2008, the Wards filed a Motion to Compel Discovery against Defendants when Defendants failed

to provide a full or complete response to Plaintiffs' Request for Production.  (Pls.' Mot. to

Compel Disc. #4 ¶ 4.)  On April 15, 2008, this Court issued an Order specifically requiring

Defendants to provide "full and complete" responses to Plaintiffs' Request for Production.

Defendants thereafter provided timely responses to Plaintiffs' Request for Production, including

an investigation memorandum indicating time, place and a description of all surveillance

conducted as part of the investigation of Mrs. Ward (Defs.' Mem. in Resp. to Pls.' Mot. to

Compel Disc. #4 at 2).  Defendants, however, objected to numerous discovery requests as being

outside the scope of discovery permitted by Fed. R. Civ. P. 26.  (Defs.' Answer to Pls.' Req. for

Produc. of Docs., Set II ¶¶ 1-23.)  Specifically, Defendants objected to the production of

Defendants' surveillance tapes of Mrs. Ward.  (Defs.' Answer to Pls.' Req. for Produc. of Docs.,

Set II ¶ 7.)  Defendants objected to the production of these tapes on the theory that the

information contained on the tapes was work-product pursuant to Fed. R. Civ. P. 26(b)(3)(a).

(Id.)  Defendants further responded: "If defendants intend to introduce any surveillance at time of

trial, any tapes will be produced pursuant to the Court's discovery deadlines."  (Id.)  Defendants

have indicated that they do not have any intention of introducing the surveillance tapes at trial.

(Defs.' Resp. to Pls.' Mot. to Compel Disc. #4 ¶ 14.)

       On July 24, 2008, Plaintiffs filed another Motion to Compel Discovery against

Defendants, requesting that this Court order Defendants to produce the surveillance tapes.

Plaintiffs argue that Defendants should be compelled to provide Plaintiffs with the tapes,

regardless of whether Defendants have any intention of introducing the tapes at trial, or,

alternatively, that this Court should preclude Defendants from challenging the severity of Mrs.

Ward's injury at the time of trial if the tapes are not produced.  (Pls.' Mot. to Compel Disc. #4 ¶¶

26-27.)

       On August 5, 2008, Defendants filed a response to Plaintiffs' Motion, asserting that

"federal courts have required defense counsel to provide a copy of the surveillance video to

opposing counsel only if defense counsel intends to use the surveillance video at trial."  (Defs.'

Resp. to Pls.' Mot. to Compel Disc. #4 ¶ 14.)  For the reasons discussed herein, this Court agrees

with Defendants' assertion.

## II.     DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," unless it does not appear reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b).  Discovery is further limited by the attorney work-product doctrine, which was originally set forth by the Supreme Court in Hickman v. Taylor, 329 U.S. 495, (1947), and is now codified in Federal Rule of Civil Procedure 26(b)(3).  Bogosian v. Gulf Oil Corp., 738 F.2d 587, 592 (3d Cir. 1984).  Rule 26(b)(3) states, in relevant part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party . . . [b]ut . . . those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3); In re Cendant Corp. Sec. Litig., 343 F.3d 658, 662 (3d Cir. 2003).  Therefore, a party must demonstrate both substantial need and an inability to obtain the equivalent without undue hardship in order to discover attorney work-product.  Id.; Upjohn Co. v. United States, 449 U.S. 383, 400 (1981).  Moreover, the protection afforded under Rule 26(b)(3) extends beyond materials prepared by attorneys to cover materials prepared by the consultants and agents of attorneys.[1]  In re Cendant Corp. Sec. Litig., 343 F.3d at 662-63.

Because video surveillance of a plaintiff would tend to show a plaintiff's physical condition, movements and restrictions, courts generally consider such video to be highly relevant.  See, eg.,  Gibson by Gibson v. AMTRAK, 170 F.R.D. 408, 409 (E.D. Pa. 1997); Snead

---

[1] As the Supreme Court explained, "attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial.  It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself."  U.S. v. Nobles, 422 U.S. 225, 238-39 (1975).

v. Am. Export-Isbrandtsen Lines, Inc., 59 F.R.D. 148, 150 (E.D. Pa. 1973); Wegner by Wegner

v. Cliff Viessman, Inc., 153 F.R.D. 154, 159 (N.D. Iowa 1994); Chiasson v. Zapata Gulf Marine

Corp., 988 F.2d 513, 517 (5th Cir. 1993).  However, because such video is obtained in

anticipation of litigation by a party or the party's representative, it must be regarded as work-

product.  See, e.g., Williams v. Picker Int'l, Inc., No. 99-3035, 1999 U.S. Dist. LEXIS 19107, at

*6 (E.D. Pa. 1999); Gibson, 170 F.R.D. at 409-10.

      Nevertheless, when a party intends to use surveillance evidence at trial, courts generally

find that the work-product privilege is waived on account of plaintiff's "(1) substantial need for

evidence that may prove critical at trial, and (2) inability to obtain the substantial equivalent of

this record of plaintiff's condition at a particular time and place."  Gibson, 170 F.R.D. at 410.

When defendants intend to use surveillance video at trial but fail to produce the video during

discovery, the defendants may be precluded from using the surveillance evidence at trial.  Snead,

59 F.R.D. at 151.  However, if a party does not intend to introduce any surveillance evidence at

trial, it need not produce such evidence during discovery.  Gibson, 170 F.R.D. at 410.

      Here, as in Gibson, it can be presumed that the Defendants' decision not to use the

surveillance evidence at trial indicates that the evidence either corroborates Plaintiffs' claims or

is inconclusive.  See Gibson, 170 F.R.D. at 410.  In either case, the work-product doctrine bars

discovery because Plaintiffs have no substantial need of the evidence.  See id.  As the Snead

court stated, "The only time there will be substantial need to know about surveillance pictures

will be in those instances where there would be a major discrepancy between the testimony the

plaintiff will give and that which the films would seem to portray."  Snead, 59 F.R.D. at 151.

Because Defendants have no intention of using the surveillance video at trial, there can be no

such discrepancy here.  Moreover, Plaintiffs may employ other means to prove that Mrs. Ward's

injuries are as Plaintiffs claim without appropriating Defendants' work-product.  See Gibson, 170

F.R.D. at 410; Fisher v. Nat'l R.R. Passenger Corp., 152 F.R.D. 145, 153 (S.D. Ind. 1993).  As

the Fisher court explained, "[T]he information contained in the videotapes – facts about the

extent and nature of Plaintiff's injuries – is readily attainable from the Plaintiff's own testimony.

. . . [B]ecause Plaintiff has offered nothing to demonstrate that the evidence contained in the

surveillance tapes is unique or of a higher quality than that which is available to him, intrusion

into work product is not justified."  Fisher, 152 F.R.D. at 153.  Moreover, the use of surveillance

has been shown to be an effective means of obtaining highly relevant information.  See, eg.,

Gibson, 170 F.R.D. at 409; Snead, 59 F.R.D. at 150; Wegner, 153 F.R.D. at 159; Chiasson, 988

F.2d at 517.  Requiring a defendant to produce all surveillance evidence, regardless of whether

such evidence will be introduced at trial, may cast an undesirable chilling effect on a defendant's

decision to employ this important discovery tool.

        The cases cited by Plaintiffs do not address the issue as to whether Defendants are

required to provide surveillance video when defendants do not intend to use the video at trial.

(Pls.' Mot. to Compel Disc. #4 ¶ 14.)  Rather, the cases Plaintiffs cite stand for the proposition

that failure to turn over the surveillance video may result in preclusion of its use at trial.  See

Mietelski v. Banks, 854 A.2d 579, 582 (Pa. Super. Ct. 2004); Duncan v. Mercy Catholic Med.

Ctr., 813 A.2d 6, 8-9 (Pa. Super. Ct. 2002); Bindschusz v. Phillips, 771 A.2d 803, 811 (Pa.

Super. Ct. 2001).  These cases do not suggest that Defendants may be precluded from

challenging the extent of Mrs. Ward's injuries when they refuse to produce surveillance that they

have no intention of using at trial.  The limited surveillance for which Defendants' investigator

6

was budgeted (Doc. No. 23-2 at 26) does not conclusively establish Mrs. Ward's level of

disability so as to bar Defendants from contesting the issue at trial.  Finally, Defendants' expert,

Dr. Toborowsky, has not discerned that Mrs. Ward suffers from any psychotic disorders.  (Doc.

No. 22-8 at 9.)  Therefore, his noting of Mrs. Ward's belief that she is being "followed" and that

her telephone is "bugged" has no bearing on the claims or defenses in this case. As such, I will

not compel production of the surveillance video at this time.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GINA WARD AND CHRIS WARD, | :     CIVIL ACTION |
|          Plaintiffs, | : |
|      v. | :     No. 07-4249 |
| AT SYSTEMS, INC.; AT SYSTEMS | : |
| ATLANTIC, INC.; AND KEITH SNIPES, | : |
|          Defendants. | : |

**O R D E R**

       **AND NOW**, this   8th    day of September, 2008, it is hereby **ORDERED** that

that Plaintiffs' Motion to Compel Discovery, dated July 23, 2008 (Doc. No. 22), is **DENIED**.

BY  THE  COURT:

/s/ Robert F. Kelly
ROBERT  F. KELLY
SENIOR  JUDGE